FILED

99 NOV 10 PM 3: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| GARY R. CUNNINGHAM and DELORES CUNNINGHAM, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 99-PT-2605-E ) |
| FLEETWOOD HOMES OF GEORGIA, INC., RONNIE SMITH HOME CENTER, INC., et al., | ) ) ) ) ) |
| Defendants. | ) |

ENTERED
NOV 10 1999

## MEMORANDUM OPINION

This cause comes to be heard upon plaintiffs' Motion to Remand this matter to the Circuit Court of Calhoun County, Alabama, filed September 30, 1999.

### BACKGROUND

Plaintiffs Gary and Delores Cunningham purchased a new 1998 Fleetwood mobile home from the defendant, Ronnie Smith's Mobile Home Center, Inc., on April 30, 1998. Soon after purchasing the mobile home, plaintiffs allegedly discovered defects with it. Plaintiffs notified defendants of their problems but were not satisfied with the defendants' response.

Plaintiffs filed their complaint on August 27, 1999 in the Circuit Court of Calhoun County, Alabama, alleging fraud, mental

1



anguish and emotional distress, fraud in the inducement, negligence and wantonness, breach of contract, breach of express and implied warranties, breach of implied warranty of merchantability, Alabama Extended Manufacturer's Liability Doctrine, and the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (the "Magnuson-Moss Act" or the "Act"). On September 27, 1999, defendants removed the case to this court based on federal question jurisdiction. This motion ensued.

## ARGUMENTS

Plaintiffs allege that defendants may only remove a case to federal court pursuant to a specific removal statute. In this case, plaintiffs contend that the only federal statute at issue is the Magnuson-Moss Act, 15 U.S.C. §§ 2301 et seq. which does not allow for federal removal in cases where the amount in controversy is less than $50,000. 15 U.S.C. § 2310(d)(3)(B). Plaintiffs contend that their Magnuson-Moss Act claim is worth at least $25,000 and that none of their state law claims may be considered in determining the amount in controversy for purposes of jurisdiction under the Magnuson-Moss Act.

Defendants' assert that federal jurisdiction is conferred by the Magnuson-Moss Act because the amount in controversy clearly exceeds $50,000 as demonstrated in plaintiffs' complaint by

2

combining their Magnuson-Moss Act claim with damages requested in their state law claims. Thus, defendants urge, federal jurisdiction exists pursuant to 15 U.S.C. §§ 2310(d)(1)(B) and 2310(d)(3)(B).

## ANALYSIS

A defendant is permitted to remove a case to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based upon federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is clear, and the parties agree, that there is no diversity in this case. Thus, this court may only have jurisdiction based upon a federal question.

A cognizable claim under the Magnuson-Moss Act is an adequate basis for federal jurisdiction. See Boyd v. Homes of Legend, Inc., 188 F.3d 1294 (11th Cir. Sept. 16, 1999); Neill v. Gulf Stream Coach, Inc., 966 F. Supp. 1149, 1151 n.1 (M.D. Fla. 1997). Therefore, the only issue for the purposes of this motion is whether the amount in controversy under the Magnuson-Moss Act

exceeds $50,000 as required by 15 U.S.C. § 2310(d)(3)(B).[1]  "The purpose of these jurisdictional provisions is to avoid trivial or insignificant actions being brought...in the federal courts. Section 2310(d) is designed to restrict access to federal courts."  Schwiesow v. Winston Furniture Co, Inc., __ F. Supp.2d __, 1999 WL 274513, at *2 (M.D.N.C. 1999)(citations omitted).  In calculating the amount in controversy, courts exclude attorneys fees, Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270 (11th Cir. 1998), punitive damages, id.; Boelens v. Redman Homes, Inc., 748 F.2d 1058 (5th Cir. 1984), reh'g denied, 759 F.2d 504 (1985), and insurance premiums, Gabriel v. Mitsubishi Motor Sales of America, Inc., 976 F. Supp. 1154 (N.D. Ill. 1997).

In this case, plaintiffs assert in their complaint that damages under the Magnuson-Moss Act will exceed $25,000. Plaintiffs also assert that the only claims which this court can consider in determining whether the jurisdictional amount of § 2310(d)(3) is met are the claims under the Magnuson-Moss Act and no others, citing Ansari, 145 F.3d at 1272.  On the other hand,

---

[1] 15 U.S.C. § 2310(d)(3)(B) states in pertinent part: "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."

4

defendants argue that the purchase price of the mobile home alone puts the Magnuson-Moss claim well over the statutory requirement, but that this court may also consider pendent state law claims.

In Ansari, the Eleventh Circuit held that "the amount in controversy for purposes of [the Magnuson-Moss] Act § 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff." Id. (district court finding of lack of jurisdiction affirmed where plaintiff purchased car for less than $16,000 and alleged nine state counts and one federal count under the Act)(relying on the Fifth Circuit in Boelens, 748 F.2d at 1071). In Boelens, the Fifth Circuit held that economic losses could be included in determining whether the jurisdictional amount had been met under the Magnusun-Moss Act, but that personal injury damages under a state law claim could not. 748 F.2d at 1068-70 (case dismissed for lack of jurisdiction where damages for personal injury totaled $877,479.20, but plaintiff's economic losses totaled $15,946.33 for the lost investment on the mobile home and costs for alternative housing).

Similarly in Boyd v. Homes of Legend, Inc., the Eleventh Circuit recently held that punitive damages should be excluded when calculating damages for purposes of jurisdiction under the

5

Magnuson-Moss Act. 188 F.3d 1294, 1299-1300 (11th Cir. Sept. 16, 1999). The court held that the case should be remanded to state court because the purchase price paid for each of the mobile homes in question did not exceed $50,000. Id. at 1296, 1301 (in three consolidated cases, the purchase price for the mobile homes at issue were $15,540, $18,400, and $25,680).

In the Eleventh Circuit and in other federal courts, courts have looked to the purchase price of the item in question in determining whether it has jurisdiction under the Act if the plaintiff has sought recovery of the purchase price. See, e.g., Boyd, 188 F.3d 1294; Simmons v. Taylor Childre Chevrolet-Pontiac, Inc., 629 F. Supp. 1030 (M.D. Ga. 1986); Kruger v. Subaru of America, 996 F. Supp. 451 (E.D. Penn. 1998); Gabriel v. Mitsubishi Motor Sales of America, Inc., 976 F. Supp. 1154 (N.D. Ill. 1997). In other cases, courts have determined jurisdiction based on what the plaintiff has sought in his or her complaint as to economic loss, not necessarily based on purchase price. See Boelens, 748 F.2d 1058; Blair v. Mercedes-Benz of North America, Inc., 914 F.2d 261, 1990 WL 127632 (9th Cir. 1990). In Ansari, the Eleventh Circuit held that the jurisdictional amount under the Act was not met where the plaintiff had paid less than $16,000 for an automobile but did not allege any amount of

6

damages in his complaint. 145 F.3d at 1271.

In this case, the purchase price of the mobile home purchased by the plaintiffs was $72,930.00.[2] However, plaintiffs do not seek recovery of the purchase price in their Magnuson-Moss Act claim or for any state law claim. Rather, plaintiffs request as to their Magnuson-Moss Act claim "recovery of all monies paid on the mobile home and to damages in the form of all out-of-pocket expenses and all other damages, including exemplary and consequential damages as determined by the trier of fact, but exceeding $25,000."[3]

Assuming that plaintiffs have made and continue to make their scheduled finance payments, plaintiffs have paid approximately $16,447.86 to date, including their down payment, towards purchase of their mobile home. This amount increases by $508.27 each month. It will therefore take approximately seven years before plaintiffs pay over $50,000 towards purchase of their mobile home. However, these calculations do not take into

---

[2] Plaintiffs made a down payment of $7,299.00, leaving $65,631.00 to be financed at a rate of 8.57% APR. Plaintiffs were to make 360 payments of $508.27 for a total of $182,977.20.

[3] It is noteworthy that plaintiffs did not cap their damages at $50,000 as some litigants do under the Act. See, e.g., Cheng v. Volvo Cars of North America, 1997 WL 665862, at *1 (N.D. Ill. 1997)(plaintiffs sought $30,000 to $50,000 under the Act).

7

account the out-of-pocket expenses spent by plaintiffs already. The amount of the out-of-pocket expenses are not discussed with specificity in plaintiffs' pleadings. However, plaintiffs name a sum of $25,000 in their complaint. Based on this, it might be inferred that they believe their out-of-pocket expenses to be approximately $8,000.[4] All of this is highly speculative though.

Thus, I am left with a number of choices. I could find that because the purchase price of the mobile home exceeds the statutory requirement, federal jurisdiction exists. Alternatively, I could find that because plaintiffs seek $25,000 under their Magnuson-Moss Act claim, falling short of the statutory requirement, federal jurisdiction is lacking. Or I could request supplemental briefing as to plaintiffs' economic loss, as was done in Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 957 (7th Cir. 1998), or give the parties time to develop the record, as was done in Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997). And it would be apropos to remember that close is not enough. Meyer v. Ford Motor Co., 735 F.Supp. 887, 888 (N.D. Ill. 1990) (case remanded where amount which could be recovered totaled $49,561.05).

---

[4] This figure was arrived at by subtracting the approximate amount of payments made to date, $17,000, from $25,000.

Within ten (10) days the parties are to submit affidavits and letter briefs as to why or why not the total down payment and initial mortgage amount should not be considered; particularly unless plaintiffs expect to continue to make the mortgage payments regardless of any outcome of the case. Other issues may be briefed.

This 10th day of November, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE